UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARTIN J. WALSH,
Secretary of Labor,
United States Department
of Labor,

    Plaintiff,
v.                                   Case No. 8:21-cv-217-VMC-AEP

FREEMAN SECURITY SERVICES,
INC., and DARREN FREEMAN,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendants Freeman Security Services, Inc., and Darren Freeman's Motion to Dismiss and for a More Definite Statement (Doc. # 33), filed on May 28, 2021. Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor, responded on June 8, 2021. (Doc. # 40). For the reasons set forth below, the Motion is denied.

**I.  Background**

Freeman is the president of Freeman Security, a corporation that employs individuals, including security guards. (Doc. # 1 at ¶¶ 2, 4). In the complaint, the Secretary alleges that Defendants did not pay its employees the "applicable [f]ederal minimum wage for all hours worked."

1

(Id. at ¶ 4). Defendants also allegedly failed to compensate their employees "for their employment in excess of [forty hours per week] at rates not less than one and one-half times the regular rates at which they were employed." (Id. at ¶ 5). And, the Secretary avers that Defendants did not "keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions of employment maintained by them." (Id. at ¶ 6). Attached to the complaint, the Secretary includes a list of sixty-two Freeman Security employees whose rights were allegedly violated. (Doc. # 1-1). In the complaint, however, the Secretary cautions that he is also seeking relief for "such other employees as hereafter may be identified and named prior to or at trial." (Doc. # 1-1; Doc. # 1 at ¶ 7).

The Secretary initiated this action on January 28, 2021. (Doc. # 1). The complaint alleges that Defendants violated Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act ("FLSA"). (Doc. # 1 at ¶¶ 4, 5, 6).

Now, Defendants move to dismiss the complaint as an improper shotgun pleading and for a more definite statement. (Doc. # 33). The Secretary has responded (Doc. # 40), and the Motion is ripe for review.

## II. Legal Standard

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotations and citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its consideration to "well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

### III. Analysis

Defendants argue that the complaint should be dismissed as a shotgun pleading because it fails to specify (1) "which provision(s) of the FLSA each of the Defendants allegedly violated or how they violated the named provisions with any degree of factual support"; (2) "the type(s) of worker(s) at issue in the litigation"; and (3) "[t]he temporal scope of the allegations." (Doc. # 33 at 1-2). The Secretary responds that "the [c]omplaint contain[s] sufficient information to reasonably allow Defendants to prepare a response" and "it already contains much of the specific information Defendants claim it omits." (Doc. # 40 at 1-2).

"A defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(b)(6) or for a more definite statement pursuant to Rule 12(e) on the ground that the complaint provides it with insufficient notice to enable it to file an answer." Paylor v. Hartford Fire Ins. Co., 748 F.3d 1117, 1126-27 (11th Cir. 2014) (footnotes omitted). The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings": (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and

4

immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does "not separat[e] into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1322-23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

The Court agrees with the Secretary that the complaint is not a shotgun pleading. Although not factually dense, the complaint is sufficiently clear so as to provide Defendants with notice of the claims against them. Contrary to Defendants' position, the complaint specifies the provisions of the FLSA that Defendants allegedly violated and how they violated them. (Doc. # 1 at ¶¶ 4-6). Attached to the complaint is a list of sixty-two workers allegedly affected, and the complaint further notes that those affected include security guards. (Doc. # 1-1; Doc. # 1 at ¶¶ 4-5). And, the complaint alleges that the FLSA violations have occurred "[s]ince at

least August 2, 2018." (Doc. # 1 at ¶ 4).

Along with the other allegations in the complaint, this is sufficient. See Mankin v. Hair Therapy for Women, LLC, No. 8:15-cv-2071-VMC-JSS, 2015 WL 5953239, at *1 (M.D. Fla. Oct. 13, 2015) ("[W]here a complaint alleges that since a certain date, the defendant repeatedly violated stated provisions of the FLSA by failing to compensate employees in excess of forty hours a week at the appropriate rates the requisite pleading standard is satisfied." (internal quotation marks and citation omitted)); see also Rodriguez v. City Buffet Mongolian Barbeque, Inc., No. 8:18-cv-2745-TPB-CPT, 2020 WL 2476043, at *4 (M.D. Fla. Apr. 22, 2020) ("Rodriguez satisfies these pleading requirements. In particular, he alleges that he worked in excess of forty hours a week during his tenure at City Buffet and that the Defendants failed to compensate him at the time-and-a-half rate. In light of the above, I find that the well-pleaded allegations underlying Counts I and II establish the Defendants' liability to Rodriguez for violations of the FLSA's overtime provision."), report and recommendation adopted, No. 8:18-cv-2745-TPB-CPT, 2020 WL 2473452 (M.D. Fla. May 13, 2020).

With regard to differentiating between the actions of each Defendant, the complaint includes enough allegations to

place them on notice of their role in the purported FLSA violations. See Cont'l 332 Fund, LLC v. Albertelli, 317 F. Supp. 3d 1124, 1140 (M.D. Fla. 2018) ("Other courts have also reached this nuanced distinction by approving claims lodged against multiple defendants where the activities undertaken by each defendant were alleged."). Indeed, according to the complaint, Freeman is the president of Freeman Security such that he "makes final decisions on the operation of the enterprise including but not limited to scheduling, staffing, hiring and firing." (Doc. # 1 at ¶ 2). This is sufficient.

Therefore, the Court declines to dismiss the complaint as a shotgun pleading or to direct the Secretary to provide a more definite statement. See Mankin, 2015 WL 5953239, at *2 ("The instant Complaint alleges that Mankin was an employee of a covered enterprise, which for the past 3 years failed to keep accurate time records and pay employees, including Mankin, for hours worked over 40 hours in a workweek. . . . Such allegations are sufficient under this Circuit's precedent. Therefore, [the] Motion to Dismiss is denied.").

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants Freeman Security Services, Inc., and Darren Freeman's Motion to Dismiss and for a More Definite

Statement (Doc. # 33) is **DENIED**.

(2) Freeman Security and Freeman's answers to the complaint are due by **August 3, 2021.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>20th</u> day of July, 2021.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE